NORTH CAROLINA            IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
CUMBERLAND COUNTY        FILE NO.: 16CVS2067

JOHN ARCHIE CAIN, )
)
          Plaintiff, )
)
vs. ) **COMPLAINT**
)
WAL-MART STORES, INC. )
WAL-MART STORES EAST, LP, AND )
WAL-MART ASSOCIATES, INC. , )
)
          Defendant )
)
)

NOW COMES the plaintiff John Archie Cain, complaining of the defendants and as a cause of action and alleges and says:

1. That the plaintiff is a citizen and resident of Cumberland County, North Carolina.

2. That the defendant Wal-Mart Stores, Inc. is a corporation organized and existing under the laws of the state of Delaware with many stores in North Carolina, including Cumberland County, North Carolina.

3. That the defendant, Wal-Mart Stores East is a limited partnership organized and existing under the laws of the state of Delaware with many stores in North Carolina, including Cumberland County, North Carolina.

4. That the defendant, Wal-Mart Associates, Inc. is a corporation organized and existing under the laws of the state of Delaware with many stores in North Carolina, including Cumberland County, North Carolina.

5. That the defendant, Wal-Mart Stores, Inc. and the defendant, Wal-Mart Stores East, and Wal-Mart Associates, Inc., owned and operated the Wal-Mart store (2929) described herein and the negligent commissions and omissions described herein were done by agents, associates, and employees of the these defendants and these three defendants are therefore liable

to the plaintiff for the negligent and wrongful conduct described herein under the legal principle of Respondeat Superior. These corporate defendants were also directly negligent because the wrongful acts described herein were conceived, instituted, and enforced by the highest level of management. That the officers, directors, and managers of these corporate defendants participated in and condoned the conduct constituting the aggravating factors giving rise to punitive damages.

6. That the defendant, Wal-Mart Associates, Inc. employed some or all of the individuals who were guilty of negligent acts and omissions as described herein and the defendant, Wal-Mart Associates, Inc., is therefore indebted to the plaintiff for the compensatory and punitive damages described herein. That the negligent acts and omission of the various agents and employees of the defendant Wal-Mart Associates, Inc. were all done within the course and scope of their employment by Wal-Mart Associates, Inc. and the defendant Wal-Mart Associates, Inc. is therefore liable to the plaintiff for compensatory and punitive damages under the principle of Respondeat Superior.

7. That any reference to the defendants or Wal-Mart stated herein includes all three defendants, Wal-Mart Stores, Inc., Wal-Mart Stores East, and Wal-Mart Associates, Inc.

8. That on the March 18, 2013 the plaintiff was a customer in the defendants Wal-Mart store (store number 2929) located on Hope Mills Road in Hope Mills, North Carolina which is in Cumberland County.

9. That the plaintiff entered the store at approximately 5:00 p.m. on March 18, 2013.

10. That among the items the plaintiff intended to purchase was a 50 pound bag of Ol' Roy Dog Food.

11. That the plaintiff went to the area of the store wherein the dog food was displayed for purchase. This area was open to the public and was within the regular public area of the store.

12. That the defendant found the Ol' Roy Dog Food he was looking for which was piled into stacks of 50 pound bags of the Ol' Roy Dog Food.

13. One of the stacks of Ol' Roy Dog Food was approximately 3 feet high. The plaintiff bent down to pick up a 50 pound bag of Ol' Roy Dog Food from the 3 feet high stack to put into his shopping cart.

14. That as he was bending down a 50 pound bag of Ol' Roy Dog Food fell from the top of an adjacent eight foot high stack of the dog food and landed on the plaintiff's head, neck and back as he was bending down to pick up a 50 pound bag of dog food from the 3 foot high stack.

15. That the impact of the 50 pound bag falling on the plaintiff's head, neck and back violently slammed the plaintiff down and he fell into the opposite aisle with great force and impact.

16. That the impact of the falling 50 pound bag of Ol' Roy Dog Food severely and permanently injured the plaintiff's head, neck and back and caused him significant pain and discomfort.

17. That after having been hit in the back, the plaintiff went to his home and laid down in great pain and agony.

18. That some 30 minutes or so passed before the plaintiff's girlfriend came to his home and saw that the plaintiff was in significant pain and had significant limitations of movement of his body.

19. That the plaintiff's girlfriend insisted that he go to the hospital for treatment because it was obvious to her that the plaintiff had been seriously injured.

20. That the plaintiff was unable to drive himself to the hospital so his girlfriend drove him to the Veterans Hospital in Fayetteville where he remained for most of the night.

3

21. That at the emergency room of the Veterans Hospital the staff performed certain diagnostic tests, examined the plaintiff and treated him there for his injuries.

22. While a patient in the hospital, the emergency room personnel recommended that he be admitted to the hospital but the plaintiff did not want to be admitted and instead had his girlfriend take him back home.

23. That while a patient at the Veterans Hospital emergency room, the plaintiff was given injections in his buttocks which were painful but which eventually eased the pain in his back and neck, but not much.

24. That thereafter, because of the injuries suffered by the plaintiff from the falling 50 pound bag of Ol' Roy Dog Food, the plaintiff continued to go to the Veterans Hospital and be treated by the doctors on a continuing basis.

25. That the plaintiff continues to be treated for these injuries on a continuous basis by the doctors at the Veterans Hospital in Fayetteville.

26. That the stack of Ol' Roy Dog Food from which the 50 pound bag fell was at least 8 feet high and was stacked adjacent to the 3 foot pound high stack of Ol' Roy Dog Food.

27. That at the time he was struck by the 50 pound bag of dog food the plaintiff was bending down to pick up a 50 pound bag of Ol' Roy Dog Food from the 3 foot high pile of 50 pound bags of Ol' Roy Dog Food

28. That the 50 pound bag of dog food which struck the plaintiff fell from a distance of at least 8 feet down upon the plaintiff's head, neck and back and therefore caused the significant ,permanent and painful injury referred to above.

29. That upon information and belief, as a result of the tremendous impact of the falling 50 pound bag of Ol' Roy Dog Food, the plaintiff has suffered permanent and painful personal injuries which will cause him pain and discomfort and limitation of movement for the remainder of his life.

4

30. That at the time of the injuries suffered by the plaintiff and prior thereto the defendants were negligent and careless in that they:

    A. Purposely stacked a pile of 50 pound bags of Ol' Roy Dog Food so high above eye level that the stack was likely to fall.

    B. Failed to block off the area of the 8 foot high pile of 50 pound bags of Ol' Roy Dog Food from the public so that the public would not be injured from falling bags of dog food from a distance of 8 feet above the floor.

    C. That it failed to post signs warning the public that it had piled 50 pound bags of dog food to a height which constituted an unreasonable risk of harm, hazard and danger to the public.

    D. That the defendant piled the 50 pound bags of Ol' Roy Dog Food so high that they knew or should have known that it was extremely likely that bags would fall off the high pile or that the high stack would tip over and that these heavy bags were likely to fall on customers and that the "high stacking" constituted a serious and unreasonable risk of harm and hazard to the shopping public inside of the public areas of the Walmart store.

    E. That they failed to brace or otherwise properly anchor or secure the 8 foot high pile of dog food so that it would be steady and would not be subject to falling upon customers.

31. That the negligence of the defendant Walmart as set out above was willful and wanton and was in total disregard of the rights, safety, health, and wellbeing of their customers and the defendant Walmart is guilty of gross, willful, aggravating and wanton conduct.

32. That the gross, willful, wanton and aggravating conduct of Walmart as set out above and as will be proved to the trier of facts in this case gives rise to punitive damages.

33. That as a result of the gross, willful, and wanton negligence of the defendant as set out above the defendant has incurred losses including the following:

A. Medical bills which have been incurred up to this date.

B. That upon information and belief the plaintiff will continue to incur medical bills as a result of the injury sustained as a result of the negligence of the defendant.

C. Pain, suffering and discomfort in the past.

D. Upon information and belief the plaintiff will continue to experience pain and discomfort and mental suffering for the rest of his life.

E. Mileage and travel expenses to and from his doctors.

F. Permanent impairment of one or more parts of the plaintiff's body

G. Loss of earnings and lost earning capacity.

34. That the losses sustained by the plaintiff and the losses the plaintiff will continue to sustain for the rest of his life was caused by the negligence of the defendant as set out herein.

35. That the defendant is indebted to the plaintiff for an amount sufficient to fully and completely compensate him for his losses, past and future caused by injuries sustained from the impact of the falling 50 pound bag of Ol'Roy Dog Food.

## UNFAIR AND DECEPTIVE TRADE PRACTICES

36. That the allegations contained in paragraphs one through thirty-five are incorporated herein by reference.

37. That the defendants are all engaged in commerce and all of the negligent acts and omissions and all of the unfair and deceptive trade practices alleged herein were done by the defendants in connection with their engagement in commerce.

38. That the defendants are all guilty of unfair and deceptive trade practices as a result of their longstanding trade practice of "high stacking" merchandise on the sales floor in areas open to the public.

39. That for many years the defendants have engaged in the hazardous practice of "high stacking" which practice involves stacking large quantities of merchandise above the

6

customer's eye level and in this case stacking 50 lbs bags of Ol' Roy dog food in stacks of no less than eight feet high. The defendants engaged in this practice because it is more economical for them to "warehouse" this merchandise on the sales floor rather than to store this merchandise in stand-alone warehouses or in areas of the store which are not open to the public. This practice while unsafe to the general public is more economical to the defendants because less labor is involved in "high stacking" this merchandise one time rather than bringing smaller quantities of the merchandise and placing it on the sales floor below eye level. This unsafe practice also accomplishes other economical labor savings and expense savings attributes which results in higher profits for the defendants and greater hazard to the shopping public. That in engaging in this extremely hazardous "high stacking" trade practice the defendants have willfully placed the interest of high profits for the defendants above the interest of the public in having a safe shopping environment.

40. That the practice of "high stacking" was engaged in by the defendants in response to direct orders and authorization from the highest levels of management. That the highest levels of management of the defendants purposed and willfully directed the various employees, agents, and associates of the defendants to engage in this "high stacking" trade practice. That the trade practice of "high stacking" is unfair to the public because this practice needlessly exposes the customers of the defendants to unreasonable risk of harm.

41. That this trade practice of "high stacking" is deceptive because the customers of the defendants are not aware that when they enter the store, the merchandise which is stacked above eye level presents a hazard and unreasonable risk of harm and the defendants customers are deceived into assuming it is safe to shop in the premises of the defendants store. That the deliberate purposeful failure of the defendants to place warning signs around the "high stacked" merchandise furthers that deception.

7

42. That as alleged above, on March 18, 2013, the plaintiff was damaged and injured as a result of the unfair and deceptive practice of "high stacking" as described above.

43. That pursuant to Chapter 75 of the General Statutes of North Carolina, the plaintiff is entitled to recover from the defendants jointly and severally a sum of three times the compensatory damages suffered by the plaintiff as a result of the unfair and deceptive trade practice of "high stacking."

44. That pursuant to Chapter 75 of the General Statutes, the plaintiff is entitled to recover attorney's fees from the defendant jointly and severally for the cost of bringing this action.

## PUNITIVE DAMAGES

45. That the allegations contained in paragraphs one through forty-four are incorporated herein by reference.

46. That the plaintiff is entitled to recover from the defendant punitive damages in the amount to be set by the finder of fact as a result of the willful, wanton and aggravated conduct of the defendant and as a result of the defendants gross negligence.

47. That the defendants by engaging in the conduct and practice described above and are guilty of "high stacking." This practice is characterized by the storage of merchandise on the sales floor above eye level. This practice of "high stacking" is in violation of the applicable safety regulations and is negligence. The defendants have made it a regular practice of "high stacking" merchandise even though thousands of people have been injured, and some killed, by falling merchandise while shopping in Wal-Mart stores and other retail warehouses.

48. The defendants, prior to the plaintiff's injury as alleged herein was fully aware of the hazard of the practice of "high stacking". Nevertheless, with full knowledge that their customers, including the plaintiff, could be seriously injured or even killed by this practice, the defendants

8

continued to engage in this practice with total and complete disregard for the safety of its customers. This willful practice by the defendants constitute willful, wanton, and gross negligence and gives rise to punitive damages.

49. The defendants found that it was more efficient, less expensive, and more profitable to "high stack" the merchandise on the sales floor through this practice is a hazard to customers. The defendants have engaged in this business of " high stacking" in order to fulfill their purpose of greater profits by engaging in this practice of "high stacking" The defendants were able to warehouse as much merchandise as possible on the sales floor rather than off-site where merchandise is housed or back room storage areas. This profitable business strategy was done willfully and knowingly at the expense of customer safety.

50. When merchandise is "high stacked" above eye level, sales clerks, and our customers must stretch, use a ladder or stepstool, or climb on the shelves to handle merchandise. This presents a hazard to customers as well as to store employees. The Ol' Roy dog food in this case was stacked some eight feet high without the use of physical-restraining safety devices such as security bars, fencing, safety ties, and shelf extenders because of the expense involved and the time it would take employees to use them.

51. The defendants were totally indifferent to the hazard and risk to the safety and well-being of his customers, including the plaintiff when it stacked the Ol' Roy dog food in this fashion. The falling dog food which fell on on the plaintiff's head, neck, and back was triggered by his reaching down to pick up a 50 pound bag of dog food from a lower stack. The movement of the lower stack caused the fall which triggered the fall of the merchandise. At no time did the defendants give warning of the hazards of this "high stacking" to the plaintiff or any of its other customers. This failure to warn was in total disregard of the safety and well-being of its customers which is willful, wanton, and gross negligence and gives rise to punitive damages. Notwithstanding the fact that the defendants knew the risk of falling merchandise from "high

stacking" and the potential for serious injuries to customers, including the plaintiff, the defendants did not warn customers or the Plaintiff of these risks with signs, banners or placards.

52. That the plaintiff was not negligent nor did the plaintiff cause some merchandise to fall. The plaintiff is not charged with a duty to watch for falling merchandise or to expect merchandise to fall. That, upon information and belief, the plaintiff alleges that the defendants did not properly train its store personnel in stocking techniques or in recognizing or correcting the hazards of falling merchandise.

53. That at all times mentioned herein the defendants had a duty to the plaintiff to exercise reasonable care to keep his premises in a safe condition and to warn of unsafe or hazardous conditions of which the defendants know or should have known through reasonable care and inspection. At all times mentioned herein, the defendants had a duty to use ordinary care to prevent injuries to customers including the plaintiff. By allowing the Ol' Roy dog food to be stacked some 8 foot high, the defendant violated its duty to the plaintiff. That the stacking of the Ol' Roy dog food by the defendants created a condition posing an unreasonable risk of harm to the public and to the plaintive specifically.

54. That the defendant has a duty to take reasonable precautions to protect their customers, including the plaintiff from foreseeable dangers. The various employees, agents and associates of the defendants knew of the dangerous conditions caused by the "high stacking" of the Ol' Roy dog food and the knowledge of these employees, agents, and associates is imputed to the defendants.

55. That the decision to institute and continue the dangerous practice of "high stacking" was made and enforced by the highest levels of management who at all times knew of the unreasonable risk of harm to which this practice subjected its customers.

56. The defendants had a duty to place merchandise on the shelves of the store, rather than pile the merchandise in high piles on the floor such that the merchandise would likely fall

10

The defendants have a duty to take affirmative steps to prevent the merchandise from falling including checking the shelves of merchandise periodically to ensure that the merchandise was in a safe position and that proper devices were used to stabilize the merchandise. That stacking items 8 feet high including 50 pound bags of dog food creates an unwarranted and unreasonable risk of harm and it is reasonably foreseeable that stacking these piles of dog foods this high contributes to the risk of merchandise falling.

57. That stacking 50 pound bags of merchandise on the shelf above customer's heads creates an unreasonable danger. It was entirely foreseeable that 50 pound bags of dog food stacked above eye level were subject to fall and therefore created a risk of danger to the people.

58. That the defendants are liable to the plaintiff, jointly and severally for punitive damages.

**WHEREFORE**, the plaintiff prays the court as follows:

1. That the plaintiff have and recover of the defendants jointly and severally, a sum in excess of $10,000.00 in order to fully and completely compensate the plaintiff for his personal injury.

2. For punitive damages, jointly and severally, in an amount set by the court or jury in an amount sufficient to adequately punish the defendants for their willful and wanton conduct and to set an example for others in order to promote safety of the public.

3. For treble damages and attorney fees pursuant to Chapter 75 of the General Statutes of North Carolina, to be paid jointly and severally, for the unfair and deceptive trade practices engaged in by the defendants.

3. That the costs of this action, including reasonable attorney's fees be taxed to the defendants.

4. That the plaintiff have and recover from the defendants such other and further relief as to the court may seem just and proper.

This is the __18__ day of March, 2016.

BRENT ADAMS & ASSOCIATES

*(signature)*

Tiffany Roulhac
NC Bar #: 48056
Attorneys for Plaintiff
P.O. Box 1389
Dunn, NC 28335
Telephone: (910) 892-8177
Fax: (910) 892-0652
Attorneys for Plaintiff