IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:16-CV-221-D

| | | |
|---|---|---|
| JOHN ARCHIE CAIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WAL-MART STORES, INC.; WAL-MART | ) | |
| STORES EAST, LP; and WAL-MART | ) | |
| ASSOCIATES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

This case comes before the court on three motions by plaintiff John Archie Cain ("plaintiff") to compel discovery from defendants Wal-Mart Stores, Inc., Wal-Mart Stores East, L.P., and Wal-Mart Associates (collectively "Wal-Mart"[1]) and for other relief. The first (D.E. 17) seeks production of supplemental responses to various interrogatories and production requests, responses to several specified topics for a Rule 30(b)(6) deposition of Wal-Mart, and extension of the time to complete discovery ("Pl.'s 1st Mot."); the second motion (D.E. 18) seeks the same relief as the first, but is supported by a memorandum (D.E. 19) ("Pl.'s 2nd Mot."); and the third motion (D.E. 21) seeks production of initial disclosures and extension of the time to identify experts ("Pl.'s 3rd Mot."). Wal-Mart opposes all three motions. *See* D.E. 23, 24.

Because plaintiff's second motion duplicates his first, the second motion is denied as moot. Nonetheless, the court has considered the memorandum in support of the second motion in

---

[1] While three separate defendants are named in the complaint, the parties treat all three defendants collectively and for purposes of these motions, the court will do the same.

evaluating the first motion. For the reasons and on the terms set forth below, plaintiff's first motion and third motion will be allowed in part and denied in part.

## I.    BACKGROUND

This personal injury case arises out of an incident occurring in a Wal-Mart store in Hope Mills, North Carolina, store #2929 ("the store" or "store #2929"), on 18 March 2013 ("the incident"). Compl. (D.E. 1-1) ¶¶ 5, 8. Plaintiff entered the store to purchase, among other things, a 50-pound bag of Ol' Roy Dog Food. *Id.* ¶ 10. The 50-pound bags of dog food were piled in stacks and one stack was approximately 3 feet high. *Id.* ¶ 12. When plaintiff bent down to pick up a bag from the 3-foot-high stack, another 50-pound bag of dog food fell from an adjacent 8-foot-high stack and landed on plaintiff's head, neck, and back, causing severe and permanent injury. *Id.* ¶¶ 14, 16.

In his complaint, plaintiff asserted claims for negligence (*id.* ¶¶ 30-35) and unfair and deceptive trade practices (*id.* ¶¶ 36-44). The claim for unfair and deceptive trade practices was dismissed by the court. 17 June 2016 Ord. (D.E. 13). Plaintiff seeks punitive damages (Compl. ¶¶ 45-58) and compensatory damages (*id.* at 11-12).

Pursuant to the Scheduling Order in this case, which approved the parties' proposed discovery plan, initial disclosures were due on 30 July 2016. *See* Sched. Ord. (D.E. 15) 1; Disc. Plan (D.E. 14) ¶ 2. Plaintiff contends that Wal-Mart did not serve them by that date.

On 1 September 2016, plaintiff served on Wal-Mart his first set of interrogatories and requests for production of documents. Pl.'s 1st Mot. 1. On 2 November 2016, Wal-Mart served its responses to plaintiff's first set of interrogatories and production requests, asserting a number

of objections to most of plaintiff's requests. Interr. and Prod. Req. Resps. (D.E. 17-1).[2] Despite numerous requests by plaintiff that Wal-Mart reconsider its objections, Wal-Mart stands by them. Pl.'s 1st Mot. 4.

Also in September of 2016, plaintiff provided Wal-Mart with a proposed Rule 30(b)(6) notice (D.E. 17-2).[3] By letter dated 27 April 2017 (D.E. 17-3),[4] Wal-Mart served notice of its objections to the Rule 30(b)(6) notice.

On 26 May 2017, plaintiff filed his first motion to compel which, again, seeks production of supplemental responses to various interrogatories and production requests, responses to several specified topics for a Rule 30(b)(6) deposition of Wal-Mart, and extension of the time to complete discovery. On 30 May 2017, plaintiff filed his second, duplicative motion. Plaintiff duly certified in both motions that he attempted to resolve the matters at issue without court intervention. *See* Pl.'s 1st Mot. 4; Pl.'s 2nd Mot. 4. Wal-Mart did not file a response to either motion by the applicable deadline, 16 June 2017 and 20 June 2017, respectively.[5]

On 12 July 2017, plaintiff filed his third motion which seeks, as noted, production by Wal-Mart of initial disclosures and extension of deadlines in the Scheduling Order. Plaintiff duly certified that he attempted to resolve the matters at issue in the third motion without court intervention. *See* Pl.'s 3rd Mot. ¶ 5. On 21 July 2017, Wal-Mart timely responded (*see* D.E. 23,

---

[2] Duplicate copies of Wal-Mart's responses to plaintiff's written discovery requests were filed at D.E. 18-1 and D.E. 19-1.

[3] Duplicate copies of plaintiff's proposed Rule 30(b)(6) notice were filed at D.E. 18-2 and D.E. 19-2.

[4] Duplicate copies of Wal-Mart's objections to the Rule 30(b)(6) notice were filed at D.E. 18-3 and D.E. 19-3.

[5] The court could have allowed plaintiff's motions as unopposed based on Wal-Mart's failure to timely respond. In its discretion, however, the court has elected to address the motions on their merits.

24)[6] to plaintiff's third motion. The response also sought denial of plaintiff's initial two motions. All three motions were referred to the undersigned magistrate judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A). *See* 14 Aug. 2017 Ord. (D.E. 29).

## II. APPLICABLE LEGAL PRINCIPLES

The Federal Rules of Civil Procedure enable parties to obtain information by serving requests for discovery on each other, including interrogatories and requests for production of documents. *See generally* Fed. R. Civ. P. 26-37. Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

The district court has broad discretion in determining relevance for discovery purposes. *Seaside Farm, Inc. v. United States*, 842 F.3d 853, 860 (4th Cir. 2016); *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992). The party resisting discovery bears the burden of establishing the legitimacy of its objections. *Eramo v. Rolling Stone LLC*, 314 F.R.D. 205, 209 (W.D. Va. 2016) ("[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." (quoting *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 243 (M.D.N.C. 2010))); *Brey Corp. v. LQ Mgmt., L.L.C.*, No. AW-11-cv-00718-AW, 2012 WL 3127023, at *4 (D. Md. 26 Jul. 2012) ("In order to limit the scope of discovery, the

---

[6] Wal-Mart responded by filing both a document entitled a response (D.E. 23) and a separate supporting memorandum (D.E. 24). Local Civil Rule 7.1(f) provides that "[a] response shall be in the form of a memorandum." Local Civ. R. 7.1(f) (E.D.N.C.). Wal-Mart's filing of the response document does not conform to this provision.

'party resisting discovery bears the burden of showing why [the discovery requests] should not be granted.'" (quoting *Clere v. GC Servs., L.P.*, No. 3:10-cv-00795, 2011 WL 2181176, at *2 (S.D.W. Va. 3 June 2011))).

Rule 26(a)(1) of the Federal Rules of Civil Procedure requires each party to disclose to the other parties certain information or documents without receiving any request for them. Specifically, a party must disclose to the other parties:

> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

> (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

> (iii) a computation of each category of damages claimed by the disclosing party-- who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

> (iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Fed. R. Civ. P. 26(a)(1).

Rule 33 governs interrogatories. It provides that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." *Id.* 33(a)(1). Rule 33 requires that a party served with

interrogatories answer each fully under oath to the extent that the party does not object to the interrogatory.  *Id.*(b)(3).  Parties that are corporations or partnerships must provide the information that is available to them, which includes information that is under their control.  *See id.*(b)(1)(B); *NewMarket Corp. v. Innospec Inc.*, Civ. Act. No. 3:10cv503, 2011 WL 1306008, at *4 (E.D. Va. 2011).[7]  By signing a response to an interrogatory, including any objections, the signer certifies that "reasonable inquiry" has been made regarding the information requested.  Fed. R. Civ. P. 26(g)(1).  Objections not made timely are waived, subject to the court excusing the untimeliness for good cause.  *Id.* 33(b)(4).

Rule 34 governs requests for production of documents.  A party asserting an objection to a particular request "must specify the part [to which it objects] and permit inspection of the rest." *Id.* 34(b)(2)(C).  Objections not timely asserted are waived.  *See, e.g., Frontier-Kemper*

---

[7] The court in *NewMarket Corp.* stated:

> Federal Rule of Civil Procedure 33 states that an interrogatory addressed to a party corporation must be answered "by any officer or agent, who must furnish the information available to the party." Fed. R. Civ. P. 33(b)(1)(B) (emphasis added).  The United States Court of Appeals for the Fourth Circuit has said, "'[A]vailability' and 'control' are both 'words of art' and are 'used to express the same thought.'" *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 513 (4th Cir. 1977) (quoting *Commonwealth v. Happnie*, 326 N.E.2d 25, 28–29 (Mass. App. Ct.1975)).  Thus, in responding to interrogatories:
>
> > The answering party cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control.  If an appropriate interrogatory is propounded, the answering party will be required to give the information available to him, if any, through his attorney, investigators employed by him or on his behalf or other agents or representatives, whether personally known to the answering party or not.  If the answering party lacks necessary information to make a full, fair and specific answer to an interrogatory, it should so state under oath and should set forth in detail the efforts made to obtain the information.
>
> *Nat'l Fire Ins. Co. of Hartford v. Jose Trucking Corp.*, 264 F.R.D. 233, 238 (W.D.N.C. 2010) (citations omitted).  "The burden is on the [answering party] to make an inquiry and obtain information to answer the interrogatories."  *Id.* at 239.

*NewMarket Corp.*, 2011 WL 1306008, at *4.

*Constructors, Inc.,* 246 F.R.D. 522, 528 (S.D.W. Va. 2007); *Drexel Heritage Furnishings, Inc. v. Furniture USA, Inc.*, 200 F.R.D. 255, 258 (M.D.N.C. 2001). As with interrogatories, the signer of a response to a production request certifies that "reasonable inquiry" has been made regarding the requested documents. Fed. R. Civ. P. 26(g)(1).

When a party withholds information on the basis of privilege, including work-product protection, it must expressly assert the privilege objection in response to the particular discovery request involved. *Id.*(b)(5)(A). In addition, the party must serve with its discovery responses a privilege log in conformance with Rule 26(b)(5)(A). *See id.*

The same principles regarding discovery generally apply to a deposition taken pursuant to Rule 30(b)(6), which governs depositions of an organization. *Coryn Group II, LLC v. O.C. Seacrets, Inc*, 265 F.R.D. 235, 238 (D. Md. 2010) ("To the extent information sought in a Rule 30(b)(6) deposition is relevant to the claims or defenses in the case and is known or reasonably available to the corporation, it must provide a corporate designee or multiple designees prepared to provide that information.") (citing Fed. R. Civ. P. 26(b)(1) & 30(b)(6)).

Rule 37 allows for the filing of a motion to compel discovery responses. *See* Fed. R. Civ. P. 37(a)(3)(B). Rule 37 requires that a motion to compel discovery "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.*(a)(1). Similarly, Local Civil Rule 7.1(c), E.D.N.C. requires that "[c]ounsel must also certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions." Local Civ. R. 7.1(c) (E.D.N.C.); *see Jones v. Broadwell,* No. 5:10-CT-3223-FL, 2013 WL 1909985, at

*1 (E.D.N.C. 8 May 2013) (denying motion to compel which did not state that party complied with Rule 37(a) or Local Civil Rule 7.1(c)).

In addition, Rule 37 requires that the moving party be awarded expenses when a motion to compel discovery is granted except when the movant filed the motion without attempting in good faith beforehand to obtain the discovery without court intervention, the opposing party's opposition to the discovery was substantially justified, or other circumstances would make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). If a motion to compel is denied, expenses must be awarded to the person opposing the motion except when the motion was substantially justified or other circumstances would make an award of expenses unjust. *Id.*(a)(5)(B). If a motion to compel is allowed in part and denied in part, the court may apportion the expenses for the motion. *Id.*(a)(5)(C).

## III.  PLAINTIFF'S MOTIONS TO COMPEL

### A.  Written Discovery Requests

The information and documents sought by the interrogatories and production requests in dispute can be divided into three broad categories: (1) the incident itself and investigation of it (Interrs. Nos. 1, 2, 6, 9, 10, 11, and 12; Prod. Reqs. Nos. 2, 3, 4, and 5); (2) Wal-Mart's policies and procedures regarding stacking of merchandise (Interr. No. 3; Prod. Req. No. 1); and (3) other claims arising from merchandise stacking incidents (Interr. Nos. 4, 5, and 8). The court will address each area in turn. The court's analysis reflects its determination that Wal-Mart has waived all objections not asserted in its responses to plaintiff's discovery requests. *See* Fed. R. Civ. P. 33(b)(4); *Frontier-Kemper Constructors,* 246 F.R.D. at 528; *Drexel Heritage Furnishings, Inc.*, 200 F.R.D. at 258.

1. **The Incident Itself and Investigation of It (Interrs. Nos. 1, 2, 6, 9, 10, 11, and 12; Prod. Reqs. Nos. 2, 3, 4, and 5)**

    a. **Interrogatory No. 1**

Interrogatory No. 1 seeks identifying information for all Wal-Mart employees who were working in the store at the time of the incident.[8] Wal-Mart objects on grounds that the interrogatory seeks to discover information protected from disclosure by the attorney-client privilege and work-product doctrine.

Wal-Mart's objection based on the attorney-client privilege and work-product doctrine is unfounded. In order for the attorney-client privilege to be applicable, the following criteria must be met: "(1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of a bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purposes of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client." *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982). The burden is on Wal-Mart as the party asserting the privilege to demonstrate that it is applicable. *See In re N.C. Swine Farm Nuisance Litig.*, No. 5:15-CV-13-BR, 2017 WL 2313470, at *1 (E.D.N.C. 26 May 2017) ("A party asserting privilege has the burden of demonstrating its applicability." (citing *Jones*, 696 F.2d at 1072)). It must do so "'specifically and factually.'" *Neuberger Berman Real Estate Income Fund, Inc. v. Lola Brown*

---

[8] Interrogatory No. 1 reads: "Identify all employees of the store described in the complaint who were working at the store on March 18, 2013 at the time of the incident described in the complaint." Interr. No. 1.

*Tr.*, 230 F.R.D. 398, 409 (D. Md. 2005) (quoting *Byrnes v. Jetnet Corp.*, 111 F.R.D. 68, 71 (M.D.N.C. 1986)); *see also Williams v. Corelogic Rental Prop. Sols.*, LLC, No. CV PX 16-58, 2016 WL 6277675, at *4 (D. Md. 26 Oct. 2016).

'"Distinct from the attorney-client privilege, the work-product doctrine belongs to the attorney and confers a qualified privilege on documents prepared by an attorney in anticipation of litigation."' *Allen v. TV One, LLC*, No. CV DKC 15-1960, 2016 WL 7157420, at *6 (D. Md. 8 Dec. 2016) (quoting *Solis v. Food Emp'rs Labor Relations Ass'n*, 644 F.3d 221, 231–32 (4th Cir. 2011)). An attorney's work product must be created because of litigation and not in the ordinary course of business in order to qualify for this protection. *RLI Ins. Co. v. Conseco, Inc.*, 477 F. Supp. 2d 741, 746 (E.D. Va. 2007). As with the attorney-client privilege, the burden is on the party claiming work-product protection—here, Wal-Mart—to demonstrate its applicability. *Allen*, 2016 WL 7157420, at *6. Mere boilerplate assertions of privilege are insufficient to establish applicability. *See Hall v. Sullivan*, 231 F.R.D. 468, 470 (D. Md. 2005) (holding that an objection that conclusorily asserts the "attorney work product doctrine" is a "classic boilerplate objection[ ] of the type that ha[s] been condemned by courts . . . and promote[s] disputes between counsel that require court resolution").

Here, Wal-Mart has not explained how the identity of the employees working on the day of the incident could be subject to the attorney-client privilege or work-product doctrine, as is its burden. Facts underlying a claim are not protected from disclosure merely because they were communicated to an attorney. *See Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981) ("The privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney."). Indeed, the notion that such

10

protection would apply to protect from disclosure to plaintiff the names of potential witnesses would gut the fact-finding principles envisioned by the discovery process.

Wal-Mart also objects on grounds that the interrogatory is overbroad and seeks information not calculated to lead to discovery of admissible evidence. Again, the court disagrees. The identity of store employees present at the time of the incident is a defined set of individuals and as potential witnesses to the incident, is relevant for purposes of Rule 26.

Finally, Wal-Mart states that without waiving the objections, it will identify "the following individuals who may have had contact with the plaintiff after the subject incident" and then provides only the name of the store assistant manager. Interr. No. 1 Resp. Wal-Mart's answer is not responsive to the interrogatory. The interrogatory seeks the identity of all employees working at the time of the incident and not simply the individuals "who may have had contact with plaintiff after the subject incident." *Id.*

Plaintiff's first motion is therefore allowed as to Interrogatory No. 1. Wal-Mart shall serve on plaintiff by 12 April 2018 a supplemental answer to this interrogatory "[i]dentify[ing] all employees of [store #2929] who were working at the store on March 18, 2013 at the time of [the incident]." Interr. No. 1.[9]

If Wal-Mart contends that it is unable to answer this interrogatory fully, it shall state in its supplemental answer that after reasonable inquiry it has determined that not all the requested information is available to it, and the reasons why, including the steps it has taken to obtain the missing information. *See*, *e.g.*, Fed. R. Civ. P. 26(g)(1)(B), 33(b)(1)(B), (3); *Machinery Solutions, Inc. v. Doosan Infracore Am. Corp.*, No. 3:15-CV-03447-JMC, 2018 WL 368724, at *6 (D.S.C.

_____
[9] All supplemental answers to the interrogatories ordered herein to be served shall, of course, be signed by Wal-Mart under oath in accordance with Rules 26(g)(1)(B) and 33(b)(1)(B), (3).

11 Jan. 2018) (holding that court could not compel a party to provide information sought by interrogatory it does not possess). Wal-Mart shall not assert any objections in its supplemental answer.

### b. Interrogatories Nos. 2 and 11; Production Requests Nos. 2 and 4

Interrogatory No. 2 seeks the identification of all Wal-Mart employees or agents who were involved in the investigation of the incident.[10] Interrogatory No. 11 seeks the identification of any person involved in any way in the investigation.[11] Production Requests Nos. 2 and 4 seek Wal-Mart's claim file relating to plaintiff's complaint and the investigation file of the incident, respectively.[12]

Wal-Mart objects to both interrogatories and both production requests on attorney-client privilege and work-product doctrine grounds. While certainly an investigation conducted in the context of litigation may potentially be subject to protection, any investigation of the incident in the normal course of Wal-Mart's business would not be subject to the same protection. For example, a claim file kept by an insurance company often does not qualify for work-product protection; however, if there is a reasonable threat of litigation, the information gathered thereafter "might be said to be acquired in anticipation of litigation." *Pete Rinaldi's Fast Foods v. Great American Ins*., 123 F.R.D. 198, 204 (M.D.N.C. 1988); *see also Spilker v. Medtronic, Inc*., No. 4:13-CV-76-H, 2015 WL 1643258, at *7 (E.D.N.C. 13 Apr 2015) (noting that "any documents

---

[10] Interrogatory No. 2 reads: "Identify all employees or agents of the defendants who were involved in the investigation of the incident described in the complaint." Interr. No. 2.

[11] Interrogatory No. 11 reads: "Identify all persons involved in any way in the investigation of the incident described in the complaint." Interr. No. 11.

[12] Production Request No. 2 seeks "[t]he claim file relating to the plaintiff's claim." Prod. Req. No. 2. Production Request No. 4 seeks "[t]he investigation file created or maintained by the defendant which deal[s] with in any way the incident described in the complaint." Prod. Req. No. 4.

created in the ordinary course of business rather than for litigation purposes are not subject to work-product protection"); *Kidwiler v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 536, 544 (N.D.W. Va. 2000) ("A document created in the ordinary course of business is not created under the anticipation of litigation and, therefore, is not protected by the work product doctrine."). Here, Wal-Mart has not met its burden of establishing such protection is applicable to its entire claim file and investigation file, or that the identity of those conducting or participating in the investigation is properly shielded from disclosure.

In addition, while Wal-Mart responded to both interrogatories with an indication that there exists an incident report prepared by the assistant manager, the interrogatory answers do not expressly address whether the assistant manager was the only employee or person involved in the investigation of the incident. Similarly, Wal-Mart responded to both production requests indicating that it would produce copies of the incident report, as well as a customer statement, and witness statements. Wal-Mart did not make clear what documents it was withholding in response to the production requests.

Plaintiff's first motion is therefore allowed with respect to Interrogatories Nos. 2 and 11 and Requests for Production Nos. 2 and 4. Wal-Mart shall serve on plaintiff by 12 April 2018 supplemental answers to Interrogatories Nos. 2 and 11 "[i]dentif[ing] all employees or agents of the defendants who were involved in the investigation of [the incident]" and "[i]dentif[ing] all persons involved in any way in the investigation of [the incident]," respectively. In addition, Wal-Mart shall produce to plaintiff by 12 April 2018 "[t]he claim file relating to plaintiff's claim" and

"[t]he investigation file created or maintained by [Wal-Mart] which deal[s] with in any way [the incident]," respectively, pursuant to Requests for Production Nos. 2 and 4.[13]

If Wal-Mart contends that it is unable to answer Interrogatories Nos. 2 and 11 fully, it shall state in its supplemental answer that after reasonable inquiry it has determined that not all the requested information is available to it, and the reasons why, including the steps it has taken to obtain the missing information. *See*, *e.g.*, Fed. R. Civ. P. 26(g)(1)(B), 33(b)(1)(B), (3); *Machinery Solutions*, 2018 WL 368724, at *6. If Wal-Mart contends that it is able to provide fewer than all the documents sought in any of these discovery requests, it shall state in its supplemental response to the production request that after reasonable inquiry it has determined that not all the requested documents are within its possession, custody, or control and the reasons why, including the steps it has taken to obtain the missing documents. *See*, *e.g.*, Fed. R. Civ. P. 34(a)(1)(A); *Machinery Solutions,* 2018 WL 368724, at *6. Wal-Mart may assert in its supplemental responses claims of attorney-client privilege and work-product protection and withhold information and documents subject to such claims. Wal-Mart shall not otherwise assert any objections to Interrogatories Nos. 2 and 11 or Requests for Production Nos. 2 and 4.

To properly claim a privilege (including, *e.g.*, attorney-client privilege, work-product protection) with respect to an interrogatory, Wal-Mart must, in addition to expressly asserting it in its supplemental answer to the particular interrogatory, serve with its supplemental answers to the interrogatories a privilege log in conformance with Rule 26(b)(5)(A). Similarly, to properly claim

---

[13] All the documents ordered herein to be produced by Wal-Mart in response to requests for production of documents shall be accompanied by a supplemental response by Wal-Mart to the production request seeking the documents. The response must be duly executed pursuant to Rule 26(g)(1) and identify the documents being produced. If Wal-Mart elects not to produce again any documents previously produced, which it may do, the response shall also identify the documents previously produced.

a privilege with respect to a request for production, Wal-Mart must, in addition to expressly asserting it in its supplemental response to the particular production request, serve with its supplemental responses to the production requests a privilege log in conformance with Rule 26(b)(5)(A). Any claim of privilege with respect to an interrogatory or request for production shall meet the requirements for the privilege asserted. Failure to timely serve a duly signed privilege log meeting the requirements of Rule 26(b)(5)(A) shall be deemed a waiver of the privilege otherwise claimed.

### c. Interrogatory No. 6

Interrogatory No. 6 seeks the identity of all individuals involved in stacking the dog food in the area of the store where the incident occurred on the date of the incident and each day preceding that day.[14] Wal-Mart responded that it has investigated and has been unable to determine the identity of "the associate" who stacked the dog food, but will continue to investigate. Prod. Req. No. 6 Resp.

Wal-Mart's answer suggests that it has determined that one individual was involved in stacking the dog food whom it has not been able to identify. Wal-Mart needs to clarify if that is the case. In addition, while Wal-Mart cannot produce information it does not have, there would be value in it confirming that it has not yet identified the individual(s) involved in the stacking if that is still true.

Plaintiff's first motion is therefore allowed in part and denied in part as to Interrogatory No. 6. Wal-Mart shall serve on plaintiff by 12 April 2018 a supplemental answer to this

---

[14] Interrogatory No. 6 reads: "Identify all individuals involved in any way with stacking the Ol' Roy dog food in that area of the store where the incident described in the complaint occurred on March 18, 2013 and on each of the days before March 18, 2013." Interr. No. 6.

interrogatory "[i]dentify[ing] all individuals involved in any way with stacking the Ol' Roy dog food in that area of the store where [the incident] occurred on March 18, 2013 and on each of the days before March 18, 2013." Interr. No. 6. The interrogatory shall be interpreted as seeking the identity of those involved in compiling the stack of dog food as plaintiff found it at the time of the incident, including those involved in the stacking prior to the day of the incident to the extent that the stack was not fully compiled on the day of the incident.

If Wal-Mart contends that it is unable to answer Interrogatory No. 6 fully, it shall state in its supplemental answer that after reasonable inquiry it has determined that not all the requested information is available to it, and the reasons why, including the steps it has taken to obtain the missing information. *See*, *e.g.*, Fed. R. Civ. P. 26(g)(1)(B), 33(b)(1)(B), (3); *Machinery Solutions*, 2018 WL 368724, at *6. Wal-Mart shall not assert any objections in its supplemental answer to Interrogatory No. 6.

### d.    Interrogatory No. 9

Interrogatory No. 9 requests a description of how the dog food was stacked.[15] Wal-Mart objected to this interrogatory

> on grounds and to the extent that it seeks to discover the mental impressions of counsel for the Defendant. In addition, this interrogatory has the potential to call for information privileged from discovery by the attorney-client privilege, which objection is further asserted at this time. Without waiving these objection[s], the Defendant states that the dog food was delivered to the store stacked.

Interr. No. 9 Resp.

---

[15] Interrogatory No. 9 reads: "Describe how the Ol' Roy dog food was stacked at the area where the incident described in the complaint occurred on March 18, 2013." Interr. No. 9.

Wal-Mart's objection positing that this interrogatory seeks the mental impressions of its counsel is frivolous on its face. Nor has Wal-Mart justified its separate objection based on attorney-client privilege. Construing the word "how" as used in the interrogatory liberally, the court reads it as inquiring into both the means by which the dog food was placed in stacks and the configuration of the bags after they had been placed in stacks. Wal-Mart's answer provides information partially responsive to the first inquiry, although it does not explain the means by which the pre-stacked bags were placed in the area where they were offered for sale. Wal-Mart's answer is completely unresponsive to the second inquiry.

Plaintiff's first motion is therefore allowed as to Interrogatory No. 9. Wal-Mart shall serve on plaintiff by 12 April 2018 a supplemental answer to Interrogatory No. 9 "[d]escrib[ing] how the Ol' Roy dog food was stacked at the area where [the incident] occurred on March 18, 2013." Interr. No. 9. The interrogatory shall have the meaning specified above.

If Wal-Mart contends that it is unable to answer Interrogatory No. 9 fully, it shall state in its supplemental answer that after reasonable inquiry it has determined that not all the requested information is available to it, and the reasons why, including the steps it has taken to obtain the missing information. *See*, *e.g.*, Fed. R. Civ. P. 26(g)(1)(B), 33(b)(1)(B), (3); *Machinery Solutions,* 2018 WL 368724, at *6. Wal-Mart shall not assert any objections in its supplemental answer.

### e. Production Request No. 3

Production Request No. 3 seeks photographs and videotapes of the stacks of dog food in the area where the incident occurred during calendar year 2013.[16] Wal-Mart objected to this production request on the grounds that it is overbroad and seeks information not calculated to lead

---

[16] Production Request No. 3 seeks "[a]ll photographs or video made of the stacks of dog food located in the area where the incident occurred at any time during the calendar year of 2013. Prod. Req. No. 3.

to the discovery of admissible evidence.  Without waiving those objections, Wal-Mart produced a surveillance videotape of the incident and indicates that any incidental videotape capture of the incident would have since been destroyed.

The court agrees with Wal-Mart that this production request is overbroad.  The record does not, at this point, establish the relevance of the photographs and videotape requested for the entire year in which the incident occurred.  However, photographs and videotape of the stack of dog food on the day of the incident have been shown to be relevant.

Plaintiff's first motion is therefore allowed in part and denied in part with respect to Request for Production No. 3.  Wal-Mart shall produce to plaintiff by 12 April 2018 "[a]ll photographs [and/]or video made [on 18 March 2013] of the stacks of dog food located in the area where the incident occurred."

If Wal-Mart contends that it is able to provide fewer than all the documents sought in Request for Production No. 3, it shall state in its supplemental response that after reasonable inquiry it has determined that not all the requested documents are within its possession, custody, or control, and the reasons why, including the steps it has taken to obtain the missing documents. *See*, *e.g.*, Fed. R. Civ. P. 26(g)(1)(B), 34(a)(1)(A); *Machinery Solutions,* 2018 WL 368724, at *6. Wal-Mart shall not assert any objections in its supplemental response.

### f.  Interrogatory No. 10

Interrogatory No. 10 seeks the identification of all witnesses to the incident.[17]  Wal-Mart objects with another bare, unjustified assertion of attorney-client privilege and work-product

---

[17] Interrogatory No. 10 reads:  "Identify all witnesses to the event described in the complaint."  Interr. No. 10.

protection.  Subject to and without waiving this objection, Wal-Mart provides the names of two individuals.

Given Wal-Mart's objection, it is unclear whether it is providing all the responsive information it has.  Plaintiff's first motion is therefore allowed with respect to Interrogatory No. 10.  Wal-Mart shall serve on plaintiff by 12 April 2018 a supplemental answer to this interrogatory "[i]dentify[ing] all witnesses to [the incident]."  Interr. No. 10.

If Wal-Mart contends that it is unable to answer this interrogatory fully, it shall state in its supplemental answer that after reasonable inquiry it has determined that not all the requested information is available to it, and the reasons why, including the steps it has taken to obtain the missing information.  *See*, *e.g.*, Fed. R. Civ. P. 26(g)(1)(B), 33(b)(1)(B), (3); *Machinery Solutions,* 2018 WL 368724, at *6.  Wal-Mart shall not assert any objections in its supplemental answer.

### g.   Interrogatory No. 12

Interrogatory No. 12 seeks the identification of persons responsible for cleaning or monitoring the area of the store where the incident occurred during the 60-day period prior to the date of the incident.[18]  Wal-Mart responds that records are not kept with respect to area inspections, but that "safety sweeps" are periodically performed.  Interr. No. 12 Resp.

Wal-Mart's response does not squarely address the inquiry posed by this interrogatory.  Moreover, it is incomplete on its face, addressing only the situation at the time of the incident and not during the 60 days prior.  Notably, Wal-Mart did not object to providing information for this period.

---

[18] Interrogatory No. 12 reads:  "Identify all persons who were responsible for cleaning or monitoring the area of the defendant's store where the incident described in the complaint occurred at any time during a sixty (60) day period prior to the incident."  Interr. No. 12.

Plaintiff's first motion is therefore allowed as to Interrogatory No. 12. Wal-Mart shall serve on plaintiff by 12 April 2018 a supplemental answer to this interrogatory "[i]dentify[ing] all persons who were responsible for cleaning or monitoring the area of [store #2929] where [the incident] occurred at any time during a sixty (60) day period prior to the incident [*i.e.*, from 17 January 2013 through 18 March 2013]." Interr. No. 12.

If Wal-Mart contends that it is unable to answer Interrogatory No. 12 fully, it shall state in its supplemental answer that after reasonable inquiry it has determined that not all the requested information is available to it, and the reasons why, including the steps it has taken to obtain the missing information. *See*, *e.g.*, Fed. R. Civ. P. 26(g)(1)(B), 33(b)(1)(B), (3); *Machinery Solutions,* 2018 WL 368724, at *6. Wal-Mart shall not assert any objections in its supplemental answer.

## 2. Stacking Policies (Interr. No. 3; Prod. Req. No. 1)

Interrogatory No. 3 and Production Request No. 1 seek information and documents, respectively, relating to Wal-Mart policies and procedures for stacking merchandise.[19] While the interrogatory is limited to policies and procedures as of the date of the incident, it is not expressly limited to policies and procedures applicable to store #2929. Conversely, the production request is not limited temporally, but is limited to store #2929.

In response to these discovery requests, Wal-Mart objected that they were overbroad in seeking every iteration of the policies and procedures in question. Nevertheless, it agreed to

---

[19] Interrogatory No. 3 reads: "Identify all policies and procedures maintained and used by the defendant as of March 18, 2013 which deal with the stacking of merchandise on the store floor in that area of the floor designated for customers. That is the stacking procedures for merchandise on the showroom floor in areas where the general public is allowed to shop." Interr. No. 3. Production Request No. 1 requests "[a]ll policies and procedures in force at the store described in the complaint which policies and procedures deal with, refer to, or relate in any way to the manner in which merchandise should be stacked on that portion of the storeroom floors designed for customers to shop." Prod. Req. No. 1.

produce certain representative statements of policies and procedures with the caveat that "the signatory to the verification page does not represent that the documents that are being produced constitute every version of every policy arguably responsive to this [interrogatory/request], only that they are statements of policy which may be responsive to this [interrogatory/request]." Interr. No. 3 Resp; Prod. Req. No. 1 Resp.

The court finds that Interrogatory No. 3 is overbroad in not being limited to policies and procedures applicable to store #2929. The current record does not establish that other policies and procedures are relevant. The court also finds that Request for Production No. 1 is overbroad in not being limited temporally. But neither it, nor Interrogatory No. 3, is otherwise overbroad given the relatively precise subject matter of stacking of merchandise in the customer area of the store.

The caveat included by Wal-Mart in its response to these discovery requests raises a question whether it has met its obligation to provide a complete response to them after reasonable inquiry. *See* Fed. R. Civ. P. 26(g)(1)(B), 33(b)(1)(B), (3). Indeed, the caveat suggests that it has not.

Plaintiff's first motion is therefore allowed in part and denied in part as to Interrogatory No. 3 and Request for Production No. 1. Wal-Mart shall serve on plaintiff a supplemental answer to Interrogatory No. 3 "[i]dentify[ing] all policies and procedures maintained and used by the defendants as of March 18, 2013 which deal with the stacking of merchandise on the store floor [of store #2929] in that area of the floor designated for customers . . . [t]hat is[,] the stacking procedures for merchandise on the showroom floor in areas where the general public is allowed to shop." Interr. No. 3. Pursuant to Request for Production No. 1, Wal-Mart shall produce to plaintiff by 12 April 2018 "[a]ll policies and procedures in force [on 18 March 2013] at [store #2929] which

policies and procedures deal with, refer to, or relate in any way to the manner in which merchandise should be stacked on that portion of the store[] floors designed for customers to shop [in]."  Prod. Req. No. 1.

For purposes of these discovery requests, a policy or procedure shall be deemed to "relate to" or "deal with" stacking if it expressly mentions stacking or addresses an activity that comprises some portion of the stacking process.  Further, for purposes of Interrogatory No. 3, a policy or procedure shall be deemed to "deal with" stacking at store #2929 if it was applicable to store #2929 on 18 March 2013 whether or not it expressly mentioned store #2929 or stated it was applicable to store #2929.  Interr. No. 3.

If Wal-Mart contends that it is unable to answer Interrogatory No. 3 fully, it shall state in its supplemental answer that after reasonable inquiry it has determined that not all the requested information is available to it, and the reasons why, including the steps it has taken to obtain the missing information.  *See*, *e.g.*, Fed. R. Civ. P. 26(g)(1)(B), 33(b)(1)(B), (3); *Machinery Solutions*, 2018 WL 368724, at *6.  If Wal-Mart contends that it is able to provide fewer than all the documents sought in Request for Production No. 1, it shall state in its supplemental response to the production request that after reasonable inquiry it has determined that not all the requested documents are within its possession, custody, or control and the reasons why, including the steps it has taken to obtain the missing documents.  *See*, *e.g.*, Fed. R. Civ. P. 34(a)(1)(A); *Machinery Solutions*, 2018 WL 368724, at *6.

### 3.    Other Claims Arising from Stacking Incidents (Interrs. Nos. 4, 5, and 8)

Interrogatories Nos. 4 and 5 seek information about any other claims against "defendants or any of their subsidiaries" alleging negligence by "the store or its agents and employees" in the

stacking of merchandise above eye level in the customer area of a store, including the forum in which each claim was brought and the identity of the attorneys representing each claimant.[20] Interrogatory No. 8 seeks the number of customers who claim they were injured as a result of merchandise being stacked at or above eye level "at any of the defendant stores or at any of the stores owned or operated by subsidiaries of the defendants of Wal-Mart stores," the date of the event underlying each claim, and the amount, if any, paid to each claimant.[21]

Wal-Mart objected to the interrogatories as seeking information not relevant and being overbroad given the needs of the case. Without waiving those objections, Wal-Mart agreed to produce a list of similar incidents at Store #2929 from 18 March 2010 to 18 March 2013, with the caveat that "the signatory to the verification page can not and does not represent that these documents are wholly comprehensive since, on the one hand, they are produced in response to plaintiff's interrogatories and/or requests for production of documents and, on the other hand as a rule the defendant can only be responsible for information reported to it and which is retrieved by a reasonable search of information in its custody and control." Interrs. Nos. 4, 8 Resps.

The court agrees that the interrogatories are overbroad. Although not entirely clear, particularly in light of the differing wording used in Interrogatories Nos. 4 and 8, the interrogatories appear to apply to all Wal-Mart brand stores. The interrogatories are appropriately

---

[20] Interrogatory No. 4 reads: "Identify all claims made against the defendants or any of their subsidiaries in which it is claimed that the store or its agents and employees were negligent in the way that they stacked merchandise above eye level on that portion of the store designated for customers to shop." Interr. No. 4. Interrogatory No. 5 reads: "For each such claim listed above, identify the forum, that is, the court wherein such claim was brought as well as the identity of the attorneys representing the claimants." Interr. No. 5.

[21] Interrogatory No. 8 reads: "List the number of customers who claimed that they were injured as a result of merchandise being stacked at or above eye level at any of the defendant stores or at any of the stores owned or operated by the subsidiaries of the defendants of Wal-Mart stores. For each customer state the date of the occurrence and the amount, if any paid for each claim." Interr. No. 8.

limited to stores in the State of North Carolina because, absent unusual circumstances, the same North Carolina law standard for negligence and other claims would apply with respect to claims in other North Carolina stores. In addition, the interrogatories appear to be overbroad in requesting information regarding the subsidiaries of defendants. The present record before the court does not establish the relevance of this information. Further, the interrogatories are overbroad because of lack of a temporal limitation. An appropriate temporal limitation is, as Wal-Mart proposes, the three-year period up to the date of the incident. Lastly, Interrogatory No. 8 is not limited to stacking in the customer area of the store.

The caveat included by Wal-Mart in its response to these interrogatories raises a question whether it has met its obligation to provide a complete response to them after reasonable inquiry. *See* Fed. R. Civ. P. 26(g)(1)(B), 33(b)(1)(B), (3). The caveat clearly suggests that it has not.

Plaintiff's first motion is therefore allowed in part and denied in part as to Interrogatories Nos. 4, 5, and 8. Wal-Mart shall serve on plaintiff by 12 April 2018 a supplemental answer to each of these interrogatories. The supplemental answer to Interrogatory No. 4 shall "[i]dentify all claims made against [any of] the defendants . . . in which it is claimed that . . . [they] or [their] employees and[/or] agents were negligent in the way that [on any date from 18 March 2010 through 18 March 2013] [in a store in North Carolina] they stacked merchandise above eye level on that portion of the store designated for customers to shop [in]." Interr. No. 4. The supplemental answer to Interrogatory No. 5 shall "[f]or each [claim inquired about in Interrogatory No. 4] . . . , identify the forum, that is, the court wherein such claim was brought as well as the identity of the attorneys representing the claimants." Interr. No. 5. The supplemental answer to Interrogatory No. 8 shall "[l]ist the number of customers who claimed that they were injured as a result of merchandise

being stacked at or above eye level [on the portion of the store designated for customers to shop in] [on any date from 18 March 2010 through 18 March 2013] at any of the defendant [owned or operated] stores [in North Carolina]" and "[f]or each customer state the date of the occurrence and the amount, if any paid for each claim."  Interr. No. 8.

If Wal-Mart contends that it is unable to answer Interrogatories Nos. 4, 5, or 8 fully, it shall state in its supplemental answer that after reasonable inquiry it has determined that not all the requested information is available to it, and the reasons why, including the steps it has taken to obtain the missing information.  *See*, *e.g.*, Fed. R. Civ. P. 26(g)(1)(B), 33(b)(1)(B), (3); *Machinery Solutions*, 2018 WL 368724, at *6.  Wal-Mart shall not assert any objections in its supplemental answers.

**B.     Initial Disclosures**

Plaintiff moves to compel Wal-Mart to provide initial disclosures.  At the time plaintiff filed his first motion, plaintiff had not received any initial disclosures from Wal-Mart.  In response to plaintiff's motion, Wal-Mart served initial disclosures on 12 July 2017 (comprising pp. 14-16 of D.E. 24).  Wal-Mart asserts that it believes it had previously served the initial disclosures on plaintiff, almost a year before on 1 August 2016, but "cannot say for certain."  *See* 12 July 2017 Email (comprising p. 17 of D.E. 24).[22]  Because the initial disclosures have now been served, plaintiff's third motion is denied as moot with respect to the initial disclosures.

---

[22] Wal-Mart relies on the 1 August 2016 date on a certificate of service (comprising p. 16 of D.E. 24) accompanying the initial disclosures to support its belief.  However, that certificate of service indicates that it relates to a "Notice of Appearance" and was electronically filed with the court using the CM/ECF system.  Initial disclosures are not, of course, a notice of appearance and no documents were electronically filed with the court by Wal-Mart on that date. Accordingly, the certificate of service cannot serve as a reliable indication as to the date of service of the initial disclosures.

## C.     Rule 30(b)(6) Deposition of Wal-Mart

Plaintiff's proposed Rule 30(b)(6) notice identified five topics upon which he wished to depose Wal-Mart's corporate representative.  Wal-Mart objected to three of plaintiff's topics:  (1) policies and procedures concerning stacked merchandise (Topic No. 3), the same subject matter in Interrogatory No. 3 and Request for Production No. 1[23]; (2) claims history for any claims made against Wal-Mart or its subsidiaries asserting that their employees were negligent in stacking merchandise above eye level (Topic No. 4), the same subject matter as Interrogatories Nos. 4, 5, and 8[24]; and (3) claims history for any claims made against Wal-Mart or its subsidiaries asserting that their employees were negligent in stacking merchandise on the store floor where customers shop (Topic No. 5), again, the same subject matter as Interrogatories Nos. 4, 5, and 8.[25]

The objection to Topic No. 3 reads:

The Wal-Mart Defendants will agree to produce for inspection materials responsive to policies and procedures concerning stacked merchandise.  The Wal-Mart Defendants do not represent that the documents that will be produced constitute every version of every policy arguably responsive to this topic, only that they are statements of policy and/or procedure which may be responsive to this topic.

---

[23] Topic No. 3 reads:  "The policies and procedures in force at any of the defendant stores or any of the defendant subsidiary stores or any subsidiaries of Wal-Mart, Inc. on the date of the incident described in the complaint.  Which policies and procedures deal with, refer to, or discuss in any way the stacking of merchandise above eye level."  Rule 30(b)(6) Notice, Topic No. 3.

[24] Topic No. 4 reads:  "The claims history for claims against Wal-Mart, Inc., or against any of the defendants or its subsidiaries in which claims were made that the defendant or any one of the defendants or any of their agents and employees were negligent in stacking merchandise above eye level."  Rule 30(b)(6) Notice, Topic No. 4.

[25] Topic No. 5 reads:  "Facts and statistics relating to the claims history for claims made against the defendants or any of its subsidiaries or any subsidiaries of Wal-Mart, Inc. which claims involve allegations that the defendants or any of their agents or employees or their subsidiaries were negligent in the manner in which they stacked merchandise on the storing floor in areas designated for customers to shop."  Rule 30(b)(6) Notice, Topic No. 5.

27 Apr. 2017 Ltr.  As can be seen, this objection resembles a portion of Wal-Mart's objection to Interrogatory No. 3 and Request for Production No. 1, particularly the caveat regarding the potential incompleteness of the production.

The deficiencies in this objection are readily apparent.  It is not couched as an objection to a deposition topic, but rather an objection to a request for production.  Therefore, it is arguably ineffective as an objection to a deposition topic.  Moreover, the objection does not state the grounds upon which it is based.  In particular, there is no assertion that the topic is overbroad, as there was in the objections to Interrogatory No. 3 and Request for Production No. 1, as previously discussed.

Nonetheless, on its face, Topic No. 3 is overbroad.  As previously discussed with respect to Interrogatory No. 3 and Request for Production No. 1, the record does not show that policies and procedures regarding stacking at any store other than store #2929 and stacking in areas of the store other than the area for customer shopping is relevant.  The court therefore declines, in its discretion, to require testimony beyond those policies and procedures (although Wal-Mart may, of course, consent to examination of its representative on such policies and procedures).

Plaintiff's first motion is therefore allowed in part and denied in part as to Topic No. 3.  Topic No. 3 shall be limited to "[t]he policies and procedures in force at [store #2929] . . . on the date of [the incident] . . . [that] deal with, refer to, or discuss in any way the stacking of merchandise above eye level [in the portion of the store designated for customer shopping]."  Rule 30(b)(6) Notice, Topic No. 3.  The term "deal with" shall have the same meaning as in Interrogatory No. 3 previously discussed.

The objection to Topics Nos. 4 and 5 reads:

The Wal-Mart Defendants object to this topic on the grounds that it's not sufficiently limited in scope.  The Wal-Mart Defendants will agree to produce the

27

> falling merchandise claims history of the store in question for a time period dating back to 3 years before the date of the incident.

27 Apr. 2017 Ltr.  Again, this objection speaks inappropriately of document production, but it does state a basis for the objection, overbreadth.  This ground is well founded, in part, for the reasons discussed with regard to Interrogatories Nos. 4, 5, and 8—lack of appropriate limitation geographically, temporally, and, in the case of Topic No. 4, to the customer area of store, and inclusion of subsidiaries of defendants.

Plaintiff's first motion is therefore allowed with respect to Topics Nos. 4 and 5.  Given the limitations required and to avoid needless duplication, Topics Nos. 4 and 5 shall be combined into a single topic reading as follows:  The claims history and related facts and statistics for claims alleging that on any date from 18 March 2010 through 18 March 2013 any of the defendants or their employees or agents were negligent in stacking merchandise at a store in North Carolina above eye level or in some other manner on the portion of the store floor designated for customers to shop in.  *See* Rule 30(b)(6) Notice, Topics Nos. 4 and 5.

## IV.   PLAINTIFF'S MOTIONS TO AMEND SCHEDULING ORDER

In light of the outstanding discovery still to be produced as set forth above, good cause has been shown for extension of the affected deadlines in the Scheduling Order, pursuant to Rule 16(b)(4).  Plaintiff's first and third motions are therefore allowed with respect to the extensions of time sought.  The Scheduling Order is modified as follows:

1.   All discovery shall be commenced in time to be completed by 3 August 2018.

2.   Supplementation under Rule 26(e) shall be made within 14 days after receipt of the supplementary information by a party or its counsel, provided that this provision shall not modify the deadlines for supplementation otherwise provided for herein.

3.      Reports from retained experts are due by 25 May 2018 by plaintiff and 25 June 2018 by Wal-Mart.

4.      Any potentially dispositive motions shall be filed by 4 September 2018.

5.      All other deadlines in the existing Scheduling Order remain in effect.

## V.      CONCLUSION

In summary, for the reasons and on the terms set forth above, IT IS ORDERED as follows:

1.      Plaintiff's first motion (D.E. 17) is allowed in part and denied in part.

2.      Plaintiff's second motion to compel (D.E. 18) is denied as moot.

3.      Plaintiff's third motion (D.E. 21) is allowed in part and denied in part as moot.

4.      The court finding that the award of expenses would be unjust, each party shall bear its own expenses incurred on the motions.  *See* Fed. R. Civ. P. 37(a)(5)(A)(iii), (B).

SO ORDERED, this 22nd day of March 2018.

_____
James E. Gates
United States Magistrate Judge