IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:16-CV-221-D

| | |
|---|---|
| JOHN ARCHIE CAIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| WAL-MART STORES, INC.; WAL-MART ) | |
| STORES EAST, LP; and WAL-MART ) | |
| ASSOCIATES, INC., ) | |
| ) | |
| Defendants. ) | |

This case comes before the court on the motion (D.E. 32) by plaintiff John Archie Cain ("plaintiff") for sanctions against defendants Wal-Mart Stores, Inc., Wal-Mart Stores East, L.P., and Wal-Mart Associates (collectively "Wal-Mart"[1]) for Wal-Mart's alleged failure to comply with this court's 22 March 2018 Order (D.E. 30). For the reasons and on the terms set forth below, plaintiff's motion will be allowed in part and denied in part.

## I. BACKGROUND

This personal injury case arises out of an incident occurring in a Wal-Mart store in Hope Mills, North Carolina, store #2929 ("the store" or "store #2929"), on 18 March 2013 ("the incident"). Compl. (D.E. 1-1) ¶¶ 5, 8. Plaintiff entered the store to purchase, among other things, a 50-pound bag of Ol' Roy Dog Food. *Id.* ¶ 10. The 50-pound bags of dog food were piled in stacks and one stack was approximately 3 feet high. *Id.* ¶ 12. When plaintiff bent down to pick up a bag from the 3-foot-high stack, another 50-pound bag of dog food fell from an adjacent 8-

---

[1] While three separate defendants are named in the complaint, the parties treat all three defendants collectively and for purposes of this motion, the court will do the same.

foot-high stack and landed on plaintiff's head, neck, and back, causing severe and permanent injury. *Id.* ¶¶ 14, 16.

In his complaint, plaintiff asserted claims for negligence (*id.* ¶¶ 30-35) and unfair and deceptive trade practices (*id.* ¶¶ 36-44). The claim for unfair and deceptive trade practices was dismissed by the court. 17 June 2016 Ord. (D.E. 13). Plaintiff seeks punitive damages (Compl. ¶¶ 45-58) and compensatory damages (*id.* at 11-12).

Plaintiff filed three discovery motions in this case. On 26 May 2017, plaintiff filed his first motion to compel (D.E. 17) seeking production of supplemental responses to various interrogatories and production requests, responses to several specified topics for a Rule 30(b)(6) deposition of Wal-Mart, and extension of the deadline in the scheduling order (D.E. 15) to complete discovery. On 30 May 2017, plaintiff filed his second motion (D.E. 18), duplicative of the relief sought in the first motion. Wal-Mart did not file a response to either motion by the applicable deadline. On 12 July 2017, plaintiff filed a third motion (D.E. 21) which sought production by Wal-Mart of initial disclosures and extension of deadlines in the scheduling order. Wal-Mart timely responded to plaintiff's third motion.

On 22 March 2018, the court entered an order allowing in part and denying in part plaintiff's first motion to compel, denying plaintiff's second motion to compel as moot, and allowing in part and denying in part plaintiff's third motion to compel. 22 Mar. 2018 Order (D.E. 30). The 22 March 2018 Order directed Wal-Mart to serve no later than 12 April 2018 supplemental responses to Interrogatories Nos. 1, 2, 3, 4, 5, 6, 8, 9, 10, 11, and 12, and Requests for Production of Documents Nos. 1, 2, 3, and 4. *See generally* 22 Mar. 2018 Order. The court ordered that each party to bear its own expenses incurred on the motions. *Id.* at 29.

2

It is undisputed that Wal-Mart did not comply with the 12 April 2018 production deadline in the 22 March 2018 Order. Defense counsel acknowledge that two of them received the court's CM/ECF notification of the 22 March 2018 Order, but overlooked the notification entirely. Wal-Mart's Mem. (D.E. 35) 3 ("Counsel admits that the Court Order to Compel was overlooked by counsel upon its CM/ECF service. It arrived properly in both lawyers' email boxes but was simply missed on the day of receipt.").

On 4 May 2018, plaintiff's counsel sent a letter to defense counsel inquiring about the status of the supplementations. 4 May 2018 Ltr. (D.E. 32-6); Pl.'s Mot. ¶ 8. Defense counsel reports that receipt of this letter was overlooked as well. Wal-Mart's Mem. 3 ("Since the lawyers did not know exactly when the Order was issued, they were on no special look-out and remained unaware of it until it was pointed out by the Plaintiff's lawyer. Even then, the first letter concerning it was missed in the crush of business.").

On 25 May 2018, plaintiff's counsel sent a second letter to defense counsel inquiring about the status of the production, accompanied by copies of the 22 March 2018 Order and plaintiff's counsel's 4 May 2018 letter. 25 May 2018 Ltr. (D.E. 32-7); Pl.'s Mot. ¶ 10. Defense counsel did not respond to the 25 May 2018 letter (Pl.'s Mot. ¶ 11), although they contend that at that time they began to obtain the materials required to be produced by that Order (Wal-Mart's Mem. 4). At a 29 May 2018 deposition, plaintiff's counsel questioned defense counsel about the status of the production and was not given a concrete answer. Pl.'s Mot. ¶ 12.

On 20 June 2018, defense counsel emailed plaintiff with partial responses to the discovery requests. *Id.* ¶ 13. Defense counsel argues that the partial production was an attempt to cure the

situation and not an indication that Wal-Mart did not intend to comply with all of the 22 March 2018 Order's directives. Wal-Mart's Mem. 4.

On 17 July 2018, plaintiff filed the instant motion asking the court to: (1) order Wal-Mart to produce the discovery ordered in the 22 March 2018 Order; (2) strike Wal-Mart's second and third defenses in the answer to the complaint[2]; (3) enter a default judgment against Wal-Mart; (4) treat Wal-Mart's failure to comply with the 22 March 2018 Order as contempt of court; and (5) order Wal-Mart to pay the expenses incurred by plaintiff as a result of Wal-Mart's noncompliance. Pl.'s Mot. 6. In response to the motion, Wal-Mart states that all outstanding discovery responses have now been provided and urges the court to deny plaintiff's motion.

## II. APPLICABLE LEGAL PRINCIPLES

The Federal Rules of Civil Procedure enable parties to obtain information by serving requests for discovery on each other, including interrogatories and requests for production of documents. *See generally* Fed. R. Civ. P. 26-37. Rule 26 provides for a broad scope of discovery:

---

[2] Wal-Mart's second defense reads:

> As a second defense, defendants state that on the day and at the time complained of in plaintiff's complaint, the plaintiff was negligent and his negligence was a proximate cause of any injuries alleged to have been sustained by him. Specifically, the plaintiff was negligent for failing to keep a proper lookout, failing to see an open and obvious condition, failing to exercise reasonable care for her own safety, negligently causing an accident, negligently failing to appreciate the conditions around him and act accordingly and was otherwise negligent in ways that may be revealed in discovery and shown at trial. The defendants specifically plead the doctrine of contributory negligence as a complete bar to the plaintiff's complaint.

Ans. (D.E. 6) 7.

The third defense reads:

> As a third and further defense, defendants state that some or all of the injuries alleged to have been sustained by the plaintiff may not have been caused by the incident described in plaintiff's complaint. The defendants specifically plead the lack of proximate cause as a complete and/or partial defense to the complaint of the plaintiff.

*Id.*

4

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). The district court has broad discretion in determining relevance for discovery purposes. *Seaside Farm, Inc. v. United States*, 842 F.3d 853, 860 (4th Cir. 2016); *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992).

Rule 37 allows for the filing of a motion to compel discovery responses. *See* Fed. R. Civ. P. 37(a)(3)(B). In addition, Rule 37 requires that the moving party be awarded expenses when a motion to compel discovery is granted except when the movant filed the motion without attempting in good faith beforehand to obtain the discovery without court intervention, the opposing party's opposition to the discovery was substantially justified, or other circumstances would make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A).

It is also within the court's discretion to impose sanctions pursuant to Fed. R. Civ. P. 37(b) for failure to comply with a court order. Fed. R. Civ. P. 37(b). Rule 37(b) provides that in addition to sanctions including striking pleadings, entering a stay until the order is obeyed, or rendering a default judgment against a party who fails to obey a court order, the court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(A), (C). "It is not, however, a discretion without bounds or limits but one to be exercised discreetly and never when it has been established that failure to comply has been due to inability, and not to willfulness, bad

faith, or any fault of (the non-complying party)." *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 503 (4th Cir. 1977) (quotations and footnotes omitted); *see also Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 39-40 (4th Cir. 1995) ("After all, the express terms of Rule 37 permit a trial court to impose sanctions when 'a party fails to obey an order to provide or permit discovery.'" (quoting Fed. R. Civ. P. 37(b)(2)); *Stiltner v. Cabell County Com'n,* No. 3:13–cv–07513, 2014 WL 843253, at *2 (S.D.W. Va. 4 Mar. 2014) ("'Indeed, any noncompliance by a party with a court-ordered discovery deadline is a ground for some form of sanctions.'" (quoting *Bluestein v. Cent. Wis. Anesthesiology, S.C.*, 296 F.R.D. 597, 600 (W.D. Wis. 2013))).

In considering whether to award sanctions pursuant to Rule 37(b), the court must consider "'(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective.'" *Diversified Lending, LLC v. Hotz*, No. 1:12-MC-10-LO/TCB, 2019 WL 149557, at *2 (E.D. Va. 9 Jan. 2019) (quoting *Anderson v. Found. for Advancement, Educ. and Emp't of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998)). A prerequisite to the imposition of an extreme sanction such as a default judgment or dismissal is a clear warning to the party "that failure to comply with the court's order [will] result in" such sanction. *Smith v. Town of Winterville*, No. 4:17-CV-13-FL, 2019 WL 80435, at *4 (E.D.N.C. 2 Jan. 2019) (quoting *Anderson*, 155 F.3d at 504).

### III. ANALYSIS

Application of the foregoing four factors here shows that sanctions should be awarded.

Turning to the first factor—whether the noncompliance with the 22 March 2018 Order was in bad faith—no acceptable explanation for it has been presented. Two attorneys for Wal-Mart

6

received notification of the entry of the Order and both failed to review it upon receipt or evidently anytime soon thereafter. In addition, once the 12 April 2018 deadline for compliance with the Order passed, plaintiff's counsel sent defense counsel a letter on 4 May 2018 alerting them to the deadline, and that letter was disregarded by defense counsel as well. Even upon receipt of the 25 May 2018 letter inquiring for a second time about the status of the responses, defense counsel did not immediately contact plaintiff to discuss the lack of compliance and, instead, waited until 20 June 2018 to address the issue by providing partial responses. They did not serve complete responses until after plaintiff filed the instant motion. While defense counsel's conduct did not necessarily reach the level of bad faith or willfulness, it was seriously deficient. *Stiltner*, 2014 WL 843253, at *2 ("While the undersigned accepts Defendants' representation that their lack of diligence was not driven by bad faith or improper motive, they nonetheless failed, without reasonable explanation, to comply with the Court's order, which by itself merits admonishment.").

As to the second factor—the amount of prejudice to plaintiff—defense counsel's lack of diligence delayed plaintiff in preparation of his case. The delay spanned several months. Defense counsel did not produce until after 17 July 2018 the purportedly complete responses that were due 12 April 2018. Further, plaintiff reports that he had to participate in the mediation on 29 June 2018 before having the benefit of full discovery responses from Wal-Mart. Plaintiff, of course, also incurred the cost of bringing the instant motion. Plaintiff made repeated attempts to obtain complete responses from defense counsel without resorting to motions practice, and thereby to minimize the prejudice, but their efforts fell on deaf ears, necessitating the filing of the sanctions motion. Needless to say, the eventual service of the purportedly complete responses did not offset all the prejudice plaintiff suffered.

There is overlap in the consideration of the remaining factors—the need for deterrence of this type of noncompliance and the appropriate severity of sanctions. *See Smith*, 2019 WL 80435 at *6 ("Regarding the third and fourth facts, which the Fourth Circuit has characterized as 'somewhat intertwined,' *Anderson*, 155 F.3d at 505, the need to deter this sort of noncompliance is very strong where plaintiff has repeatedly ignored the Federal Rules of Civil Procedure and this court's orders without offering any explanation."). Here, the need for deterrence of the deficient conduct defense counsel demonstrated in this case is strong. The court cannot countenance counsel simply disregarding its orders, as defense counsel did. Nor may counsel appropriately disregard salutary correspondence from opposing counsel. Because the deficient conduct was ultimately the fault of Wal-Mart's attorneys and not Wal-Mart itself, the striking of Wal-Mart's defenses or entry of a default against it would be drastic and unjust. Rather, an award of attorney's fees and costs, payable by defense counsel and/or their firm (absent agreement by Wal-Mart to pay in whole or in part), is an appropriate sanction. *See In re C. R. Bard, Inc., Pelvic Repair Sys. Prod. Liab. Litig.*, No. 2:12-CV-08523, 2018 WL 2985980, at *2 (S.D.W. Va. 12 June 2018) ("Although the discovery violation has since been cured, it nevertheless resulted in litigation expenses for defendants. Applying Rule 37(b)(2)(C) ensures that the disobeying party, rather than the innocent party, bears those costs."). In addition, it is appropriate that defense counsel be required to confirm to the court that they have made remedial changes in their procedures to avoid a recurrence of the deficiencies that occurred here.

The court therefore ALLOWS the request in plaintiff's motion for attorney's fees and costs, but DENIES the request for harsher sanctions. Plaintiff shall file by 10 April 2019 an affidavit setting out the reasonable attorney's fees and costs he claims he incurred as a result of defense

counsel's noncompliance with the 22 March 2018 Order, along with a supporting memorandum and any other supporting documents he deems appropriate.

Wal-Mart may file a response to plaintiff's submission within 14 days after the submission is filed. If Wal-Mart does not timely file a response to plaintiff's submission, the court will deem it to have no objection to the amount of attorney's fees and costs plaintiff claims. The court will thereafter enter an order setting the amount due from defense counsel and/or their firm and the deadline for payment.

Defense counsel shall file by 10 April 2019 a memorandum describing the remedial changes they have made in their procedures to address the deficiencies evident in this matter.

### IV. CONCLUSION

In summary, for the reasons and on the terms set forth above, IT IS ORDERED that plaintiff's motion for sanctions (D.E. 32) is ALLOWED IN PART and DENIED IN PART.

This 27th day of March 2019.

James E. Gates
United States Magistrate Judge